U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 MAR 20 AM 11:27

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 5:21-cr-81-1 |
| ) | |
| SCOTT PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Docs. 39, 41, 42)**

The court sentenced Scott Phillips on August 24, 2022, after Mr. Phillips pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. 38.) Earlier that year, on June 23, the Supreme Court issued its decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). On June 27, 2024, Mr. Phillips, representing himself, filed a motion under 28 U.S.C. § 2255 requesting vacatur of his sentence, arguing that the *Bruen* decision rendered 18 U.S.C. § 922(g)(1) "facially unconstitutional" and also "unconstitutional as applied" to him. (Doc. 39-1 at 2, 36.) The Government has moved to dismiss the § 2255 petition as untimely. (Doc. 41.)

The Magistrate Judge filed a Report and Recommendation ("R&R") on November 18, 2024, recommending that the court grant the Government's motion and deny the § 2255 motion. (Doc. 42.) Mr. Phillips filed an objection to the R&R on December 20, 2024. (Doc. 43.) After careful review of the file and the R&R, the court AFFIRMS, APPROVES, and ADOPTS the R&R for the reasons stated below.

**Standard of Review**

Where a magistrate judge enters a recommended disposition on a dispositive motion, a district judge must determine "de novo" any part of the recommendation to which a party

properly objects. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Cullen*, 194 F.3d at 405.

Here, Mr. Phillips has arguably not objected "properly" to the R&R because he filed the objection more than 14 days after service of the R&R. *See* Fed. R. Civ. P. 72(b)(2), (3). He never requested an extension of the 14-day time period, although he asserts in his objection to the R&R that his filing was delayed "due to lock-downs and access to legal library." (Doc. 43 at 1.) In some cases, courts have concluded that an untimely objection did not trigger de novo review. *See, e.g., Orellana v. Reiss Wholesale Hardware Co.*, No. 14-CV-1913, 2016 WL 4480962, at *2 (E.D.N.Y. Aug. 23, 2016). Courts in other cases have elected to apply the de novo standard even when the objections to an R&R were untimely. *See, e.g., Calvente v. Suffolk Cnty. Corr. Facility*, No. 15-CV-02024, 2017 WL 2735565, at *2 (E.D.N.Y. June 22, 2017). The court will treat the objection in the same manner as if it had been filed within the 14-day period. The delay was not long, and prison conditions may have contributed to it. For the reasons discussed below, the court concludes that the R&R should be adopted even under the more stringent de novo standard that applies to timely objections.

### Analysis

As noted in the R&R, a prisoner in custody seeking relief under § 2255 must file a motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The R&R correctly states that Mr. Phillips's conviction became final on September 8, 2022, thus his petition signed on May 23, 2024, and filed on June 27, 2024, does not satisfy § 2255(f)(1). (Doc. 42 at 3.) Mr. Phillips does not raise an argument under § 2255(f)(2), nor does the record support application of that provision. Section 2255(f)(3) does not help Mr. Phillips because the Supreme Court decided *Bruen* on June 23, 2022—more than one year before Mr. Phillips filed his motion.[1]

In his objection to the R&R, Mr. Phillips expressly relies upon § 2255(f)(4). (Doc. 43 at 3, 10.) He asserts that the "facts supporting the claims presented in his arguments could not have been discovered until Movant's research of recent decided cases across the country challenging the statute had been discovered." (*Id.* at 10.) But the "facts" for purposes of § 2255(f)(4) are those events or circumstances that might support a claim, which does not include "recognition of the facts' legal significance." *Goodwin v. Pallito*, No. 14 CV 110, 2015 WL 778613, at *5 (D. Vt. Feb. 24, 2015) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also, e.g.*, *United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005)

---

[1] Even if not time-barred, Mr. Phillips's facial challenge lacks merit for the reasons stated in *United States v. Lane*, No. 22-cr-132, 2023 WL 5614798, at *7 (D. Vt. Aug. 24, 2023) (concluding that § 922(g)(1) is "consistent with the Nation's historical tradition of firearm regulation" (quoting *Bruen*, 597 U.S. at 24)). Mr. Phillips's as-applied challenge is based on his assertion that the conduct for which he sustained the predicate felony convictions "caused no one violence or harm." (Doc. 43 at 4–5.) That challenge faces similar obstacles for the reasons stated in *United States v. Senna*, No. 21-cr-00022, 2024 WL 1415107, at *4–5 (D. Vt. Apr. 2, 2024) (noting the weight of authority within the Second Circuit "that § 922(g)(1) is constitutional as applied to persons convicted of drug-related felonies").

(rejecting argument that "legal norms" might constitute "facts" for purposes of § 2255(f)(4)); *St. Clair Burden v. United States*, No. 11-cv-1036, 2015 WL 3874452, at *2 (D. Conn. June 23, 2015) (petitioner's "discovery of useful caselaw" did not constitute "facts" supporting his claim). The court therefore concludes that Mr. Phillips's petition is untimely under all four paragraphs of § 2255(f).

In addition to the limitations period of § 2255(f), the R&R analyzes the issue of equitable tolling. (Doc. 42 at 3.) Mr. Phillips's objection does not challenge any of that analysis. Even on de novo review, the court adopts the R&R's conclusion that "Mr. Phillips offers no information or explanation demonstrating that he has been pursuing his rights diligently, or that some extraordinary circumstance prevented timely filing of his Motion." (Doc. 42 at 4.)

## Conclusion

For the reasons stated above, the Report and Recommendation (Doc. 42) is AFFIRMED, APPROVED, and ADOPTED. The Government's Motion to Dismiss (Doc. 41) is GRANTED, and Mr. Phillips's § 2255 Motion (Doc. 39) is DENIED. The court declines to issue a certificate of appealability because Mr. Phillips has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated at Burlington, in the District of Vermont, this 20th day of March, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court